United States District Court
District of New Jersey

Elizabeth T. Foster, Attorney at Law, LLC
22 E. Quackenbush Ave.
Dumont, NJ  07628
201 290 5761
201 215 9574 fax
liztlaw@gmail.com
Attorney for Plaintiff

-------------------------------------------------------------

John Reich,

Plaintiff

V.                                               Civ. No. 2:17-cv-7608 JLL JAD

Fairleigh Dickinson University,

And Security Credit Systems, Inc.

Defendants

--------------------------------------------------------------

-----------------------------------------------------------------------------------------------------------------------------------

**Plaintiff's Brief in Opposition to Defendant FDU's Motion for Dismissal of Counts I and IV of the Complaint**

-----------------------------------------------------------------------------------------------------------------------------------

Preliminary Statement

Plaintiff was enrolled at Fairleigh Dickinson University. One of the classes he took at Petrocelli College, a division of FDU, featured a no-show professor and only two students. The professor did not given an exam. Instead he gave both students the grade of "incomplete." Plaintiff complained to the administration about his professor's failure to show up to class and teach. Two years later, he was allowed to write a paper for the course. Although he asked that the paper not be given to Professor Kurland to grade (since he feared retaliation from Kurland, the no-show teacher), FDU officials gave the paper to Professor Kurland for him to grade. Kurland gave the paper a failing grade and falsely charged the plaintiff with plagiarism.

Plaintiff spent years trying to get the charges removed for this class and trying to get the grade taken off his record. The plaintiff had an A average and this class harmed his grade point average ("GPA"). Eventually, FDU took the charges off plaintiff's account but despite its promise to remove the class from plaintiff's record, it never took that action.

Defendant Fairleigh Dickenson has wrongfully targeted the plaintiff and interfered with the plaintiff's life, giving him a failing grade, wrecking his credit rating, and dragging out a matter that could have easily been solved had it merely kept its word. Instead, it behaved in a way that is discriminatory against Jewish people, and both spiteful and disgraceful.

Defendant asks the court to dismiss Count I, Section 1981 race discrimination, and Count IV, violation of the Fair Credit Reporting Act. The plaintiff's section 1981 claim is properly pled and the court should not dismiss it. The FCRA claim is pled under the wrong section but

the court should permit the plaintiff to amend it, since amendment will cure the problem and plaintiff can then recover under the proper section of the law.

<u>Legal Standard on Motion to Dismiss</u>

"To determine the sufficiency of a complaint under <u>Twombly</u> and <u>Iqbal</u> in the Third Circuit, the court must take three steps: first, the court must take note of the elements a plaintiff must plead to state a claim; second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; finally, where there are well-pleaded factual allegations, a court should assume their veracity and then detenuine whether they plausibly give rise to an entitlement for relief. See <u>Connell v. Lane Constr. Corp.</u>, 809 F.3d 780, 787 (3d Cir. 2016) (citations omitted). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." <u>Mayer v. Belichick</u>, 605 F.3d 223, 230 (3d Cir. 2010)." <u>Muhammad v. Smart/United Transp. Union Local 759,</u> Civil Action No. 16-8344 (JLL), 2017 U.S. Dist. LEXIS 199348 (D.N.J. Dec. 5, 2017).

<u>Section 1981 Claim</u>

Plaintiff has alleged that the offerings at the Petrocelli College, which was geared to Jewish students, were inadequate and were inferior to those offered elsewhere at FDU.  ¶21, 23. This is adequate to state a claim and avoid a motion to dismiss.  See <u>Blunt v. Lower Merion Sch. Dist.</u>, 767 F.3d 247, 263 (3d Cir. 2014).[1]  Defendant ignores this language in the complaint,

---

[1] Claims of discrimination against schools are very common in the nation's courts. https://www.nytimes.com/2017/11/16/nyregion/aclu-files-suit-against-east-ramapo-school-board-votng-rights.html (lawsuit for inadequate educational programs based on discrimination), <u>Lewis v. Russe</u>, 713 F.Supp. 1227 (N.D.Ill. 1989) (medical student sued for failing in medical

2

stating that "the fact that plaintiff happens to be Jewish is insufficient to transform his general grievances into a claim for racial discrimination . . . ." D. Br. at 9.  These claims are for intentional discrimination.  The plaintiff does not, as suggested by defendant, "only allege a series of unfortunate events and baldly allege that defendants discriminate against him." Id.

Abdallah v. Jet Blue 2015 US Dist LEXIS 74256 (D.N.J. June 8, 2015),  cited by defendant FDU, actually supports the plaintiff's claim of race discrimination rather than negating it.  The facts of Abdallah though, are quite different in that they refer to a one time event, rather than an ongoing relationship as plaintiff had with FDU.  The Abdallah family was taking a plane from Florida to New Jersey when they experienced racial profiling and were mistreated due to being Muslim or Arab.  Judge Linares refused to dismiss count one of the Abdallah's complaint despite defendant's objection that any animus existed on the part of the defendant against persons of Arab origin. Id. at *13.  The court stated that it was enough that plaintiff allege that the software that flagged them was "programmed in a manner that discriminates against persons with names of Arab or Muslim origin."  Id.   Here, the plaintiff alleges that the program FDU had in place at Petrocelli College, which was geared to Jewish students, was inadequate compared to other FDU programs not geared to Jewish students.    In both cases, a member of the protected class is targeted for disparate treatment.  This satisfies the pleading requirement.

---

school, alleging he was dismissed due to race discrimination); Cobb v. Rector and Visitors of the University of Virginia, 69 F.Supp.2d 815 (W.D. Va. 1999) (student sued school after getting kicked out for cheating, claiming race discrimination); Manning v. Temple University, 157 Fed.Appx. 509 (3rd Cir. 2005)(race discrimination claim by medical student where student was able to develop facts and where case was only dismissed on summary judgment, after discovery not at pleading stage); Assenov v. University of Utah, 553 F.Supp.2d 1319 (D.Utah 2008)(student withstood discrimination claim based on Slavic heritage on summary judgment).

Plaintiff explains in his complaint the nature of the discrimination: that a class offered at Petrocelli College, which purports to provide a Yeshiva type experience, was not properly taught, that is, the professor did not show up, did not give assignments, and did not give a final exam. He describes how he complained about the professor, who was not doing his job vis a vis the class that plaintiff took, how he was allowed to write a paper but asked that Professor Kurland not grade that paper since he feared retaliation due to his complaints. He explains how his request to have another professor grade his paper was ignored, and indeed, as predicted, Professor Kurland took the opportunity to harm him by giving him a failing grade and falsely claiming that he had plagiarized. The plaintiff provides a sufficient factual basis to tie these actions to a discrimination complaint because he implicitly suggests these events were allowed to take place at Petrocelli College, which is geared toward Jewish students, and that the university would not tolerate similar events at its main campus, which was oriented toward diverse students rather than only Jewish students.

The plaintiff is entitled to discovery in order to flesh out his claims.

<u>The Discrimination Claim is Not Time Barred</u>

Defendant FDU also suggests that plaintiff's claim is time barred. This is not true. Defendant uses the plaintiff's transcript to establish this contention. However, the transcript does not reflect the actual timeline of events. The complaint states: "11. Long after the semester ended, Kurland gave Plaintiff a special assignment final paper, and gave him a grade of F, claiming Jonathan had plagiarized, which was false." Plaintiff turned this paper in on Sept. 11, 2014. See email, Exhibit A. The complaint was filed on September 28, 2017. This brings the matter well within the 4 year statute of limitations.

4

Defendant claims (d. Br. 7-8n) that "[g]iven that the conduct complained of occurred while plaintiff was a student, and he was no longer a student after December 2012, plaintiff's claim, based on the face of the complaint, necessarily falls outside the four-year statute of limitations, and must be dismissed." [2] This is an incorrect view of plaintiff's claims. The plaintiff was permitted to turn in a paper years after taking the course. Writing a paper for a college class is something that the plaintiff did as a student of FDU, whether or not he was technically enrolled at the time. Grading this paper is something that FDU did because plaintiff was its student. Defendant glosses over the fact that these activities occurred within the statute, and were specifically pled in the complaint.

FCRA Claim

Plaintiff alleged that FDU was a furnisher of information to consumer reporting agencies. Defendant FDU does not challenge this assertion. Rather, it suggests that the plaintiff is unable to sue under the section of the FCRA that he cites, which only provides the government itself with a suit remedy. FDU is correct but it is liable under another section of the law, 1681s-2(b). That code section states:

(b)Duties of furnishers of information upon notice of dispute

(1)In generalAfter receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—

(A)conduct an investigation with respect to the disputed information;

---

[2] Defendant FDU's argument that its liability stopwatch is triggered by the date that plaintiff was no longer enrolled is specious. See Robinson v Shell Oil Company, 519 U.S. 337 (1997) (holding that former employees are protected by anti-discrimination laws). By inference, former students are also protected. See also Harwood v. Johns Hopkins University, 747 A.2d 205 (Md.App. 2000) (School still able to exercise discretion whether to award degree after student finishes all coursework.)

5

(B)review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

(C)report the results of the investigation to the consumer reporting agency;

(D)if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E)if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—

(i)modify that item of information;

(ii)delete that item of information; or

(iii) permanently block the reporting of that item of information.

As explained in Seamans v. Temple University,[3] 744 F. 3d 853 (3d Cir. 2014), a private right of action does exist to address violations under this code section. Such a claim may be brought under 15 U.S.C. §§ 1681n and 1681o. See Seamans at 859-860. The plaintiff will move to amend his complaint in order to correct this deficiency.

Conclusion

For all of the above stated reasons, the defendant's motion to dismiss must be denied.

---

[3] In Seaman, the plaintiff "contends that Temple violated FCRA by failing to flag his account as disputed in its later reporting to TransUnion and other CRAs. FCRA imposes an explicit duty on furnishers of credit information to report a dispute to all CRAs to whom it provides the information as part of a reasonable investigation. 15 U.S.C. § 1681s–2(a)(3).10 Private enforcement of that obligation, however, as with other duties arising under § 1681s–2(a), is not permitted. Id. § 1681s–2(c)(1). The question presented is whether a furnisher's continuing failure to flag an account as disputed also constitutes a violation of 15 U.S.C. § 1681s–2(b), which as discussed above, requires complete and accurate post-dispute reporting of debts, and is privately enforceable by virtue of § 1681o."

"The two Courts of Appeals to have considered this question have both answered it in the affirmative. In Saunders v. Branch Banking, discussed supra, the Fourth Circuit considered the interaction of § 1681s–2(a), which requires complete and accurate pre-dispute reporting of loan data, and is not privately enforceable, with § 1681s–2(b), which imposes investigative and corrective duties on furnishers, and is privately enforceable. 526 F.3d at 148–50. The panel noted that "[n]o court has ever suggested that a furnisher can excuse its failure to identify an inaccuracy when reporting pursuant to § 1681s–2(b) by arguing that it should have already reported the information accurately under § 1681s–2(a)." Id. at 149–50. In other words, the fact that a furnisher is affirmatively obligated to flag an account as disputed under § 1681s–2(a) does not undermine the conclusion that a failure to flag the account as disputed also constitutes a material inaccuracy under § 1681s–2(b). See also Gorman, 584 F.3d at 1163 (explaining that where a dispute is bona fide, "the omission of the disputed nature of a debt could render the information sufficiently misleading so as to be 'incomplete or inaccurate' within the meaning of [§ 1681s–2(b) ]"); Van Veen, 844 F.Supp.2d at 606 (applying Saunders and Gorman )."

"We agree with this assessment, and conclude that a private cause of action arises under 15 U.S.C. § 1681s–2(b) when, having received notice of a consumer's potentially meritorious dispute, a furnisher subsequently fails to report that the claim is disputed." Seaman, supra at 866-67 (footnotes omitted).

Dated: Dec. 10, 2017                                    /s/Elizabeth T. Foster
                                                        _____

                                                        Elizabeth T. Foster
                                                        <u>Attorney for Plaintiff</u>