NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JONATHAN REICH, | CIVIL ACTION NO. 17-7608 (JLL) |
| Plaintiff, | **OPINION** |
| v. | |
| FAIRLEIGH DICKINSON UNIVERSITY, *et al.*, | |
| Defendants. | |

**LINARES**, Chief District Judge

The plaintiff, Jonathan Reich, instituted this civil action on September 28, 2017. (ECF No. 1.) Reich asserts claims against the defendant Fairleigh Dickinson University (hereinafter, "FDU"), which is a private university where Reich was enrolled as a student, to recover damages under 15 U.S.C. § 1681s-2(a) (hereinafter, "Section 1681s-2(a)") of the Fair Credit Reporting Act (hereinafter, "the FCRA") and 42 U.S.C. § 1981 (hereinafter, "Section 1981"), as well as for breach of contract and promissory estoppel. (ECF No. 1 at 1–5.)

The plaintiff also asserts one claim under a separate section of the FCRA against the defendant Security Credit Systems, Inc. (hereinafter, "SCS"), which is an entity that collects credit information on consumers in order to produce credit reports for third parties. (*Id.* at 2–3, 5.)

FDU, which is the only defendant to appear in this action so far, moves pursuant to Federal Rule of Civil Procedure (hereinafter, "Rule") 12(b)(6) to dismiss Reich's claims under the FCRA and Section 1981 that are asserted against it. (ECF No. 6 through ECF No. 6-3; ECF No. 7; ECF No. 8 (filed under seal); ECF No. 12; ECF No. 12-1.) Reich opposes the motion in part. (ECF No. 11; ECF No. 11-1.) Reich's claims for breach of contract and promissory estoppel are not at issue in this motion, and they remain viable. (*See* ECF No. 6-1 at 6 n.1 (FDU acknowledging the same).)

The Court resolves FDU's motion to dismiss upon a review of the papers and without oral argument. *See* L. Civ. R. 78.1(b).

For the following reasons, the Court grants the motion to dismiss without prejudice, and grants leave to Reich to move before the Magistrate Judge to amend his claims under the FCRA and Section 1981 that are asserted against FDU within 14 days.

## BACKGROUND

In setting forth a summary here, the Court presumes that the parties are familiar with the factual context and the procedural history of the action. Furthermore, the Court must accept and set forth Reich's allegations concerning FDU's conduct as being true at this stage of the proceedings. *See Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009).

Reich, who identifies himself as being Jewish, was enrolled through the end of 2012 as a student in an undergraduate program at the Montvale satellite campus of FDU

that was designed to complement his yeshiva studies. Reich had earned a grade point average of 3.88 as part of that program as of 2011. (ECF No. 1 at 1.)

Reich eventually signed up to take a marketing course (hereinafter, "the Course") at the Montvale campus. However, Reich alleges that: (1) he was one of only two students in the Course; (2) the professor (hereinafter, "the Professor") rarely if ever conducted class for the Course; (3) the Professor never gave a final exam, which caused Reich and the other student to each unjustifiably receive a grade of "incomplete" in the Course; and (4) "[l]ong after the semester ended," the Professor assigned Reich a final paper in lieu of a final exam, on which the Professor gave him a grade of "F" because the Professor falsely accused him of plagiarism. (*Id.* at 2.) It is unclear from the allegations in the complaint how "long after the semester ended" that the Professor assigned the final paper and levied the "F" grade to Reich. It is also unclear from the complaint whether Reich ever received a degree from FDU. (*See id.* (alleging without more that "FDU is responsible for holding back a degree due to their [*sic*] maintenance of the academic record").)

Reich then spent "several years" trying to get FDU to agree to erase that "F" grade from his academic record, and to agree to remove his tuition charge for the Course. (*Id.*) FDU agreed to both, but only removed the tuition charge and left the grade of "F" on his academic record. As FDU "has been so intractable in addressing this problem, the Plaintiff's efforts to complete his education and to find employment have been stymied." (*Id.*) Furthermore, FDU reported to SCS that Reich had failed to pay the tuition charge

for the Course, even though the debt had been in dispute, and as a result FDU damaged Reich's credit. (*Id.*)

Reich alleges, in relevant part, that FDU violated the FCRA by reporting the debt that is linked to the tuition charge to SCS, even though the debt was in dispute. (*Id.* at 4–5.)

In addition, Reich alleges that FDU caused him to suffer discrimination due to his Jewish heritage in violation of Section 1981. Specifically, Reich alleges that FDU offers the yeshiva program to Jewish students, but that the program "is inadequate, with few course offerings," and that FDU "treats Jewish students worse than other students enrolled at its other campuses." (*Id.* at 3.) He also alleges:

> Because Plaintiff is Jewish, he was mistreated and cheated. The Plaintiff was not provided with adequate educational services with respect to [the Professor's Course] and instead of making him whole, FDU punished him by permitting [the Professor] to read and grade a paper Plaintiff had written.
>
> [The Professor] knew that Plaintiff had complained to the administration that he had not bothered to teach the class in which [P]laintiff was enrolled and that Plaintiff was dissatisfied with his performance as a professor.
>
> Plaintiff asked FDU to arrange for someone else — not [the Professor] — to read and grade his paper. However, FDU ignored this request and allowed [the Professor] to grade the paper, and [the Professor] accused the Plaintiff of plagiarizing although he did not bother to use Turnitin.com to determine whether the paper — which was properly footnoted and referenced — was plagiarized. Using Turnitin is a standard practice in colleges.

4

> On account of Plaintiff's [*sic*] being Jewish, FDU mistreated and harmed Plaintiff as described above. It is intolerable for the school to permit and condone a class to be taught by a professor who can't be bothered to show up for class, give assignments or give grades.

(*Id.* (paragraph numbers omitted).)

## DISCUSSION

### I. Legal Standard for Rule 12(b)(6)

It is not necessary for the Court to restate the standard for resolving a motion to dismiss a complaint that is made pursuant to Rule 12(b)(6), because that standard has been already enunciated. *See Palakovic v. Wetzel*, 854 F.3d 209, 219–20 (3d Cir. 2017) (setting forth the standard, and explaining *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–12 (3d Cir. 2009) (setting forth the standard, and explaining *Iqbal* and *Twombly*).

### II. Section 1681s-2(a) of the FCRA

Section 1681s-2(a) sets forth certain responsibilities for those furnishing credit information to consumer reporting agencies, *i.e.*, FDU to SCS in this instance. For example, FDU is required to provide accurate information concerning any dispute that it may have with Reich concerning a debt to SCS. *See* 15 U.S.C. § 1681s-2(a)(1)(A)–(B) (setting forth the duty to provide accurate credit information); 15 U.S.C. § 1681s-2(a)(2) (setting forth the continuing duty to correct inaccurate information that had been previously reported).

Reich asserted in his complaint that FDU had violated Section 1681s-2(a) by failing to report to SCS that he and FDU were engaged in a dispute concerning the tuition charge for the Course. However, FDU argues that the Section 1681s-2(a) claim should be dismissed because no private cause of action exists thereunder. (ECF No. 6-1 at 6, 14.)

It is well-settled law that FDU's argument on this issue is correct. *See Harris v. Pa. Higher Educ. Assistance Agency/Am. Educ. Servs.*, 696 F. App'x 87, 90 n.2 (3d Cir. 2017) (holding that "there is no private right of action against a furnisher of information under § 1681s-2(a)"); *Tauro v. Capital One Fin. Corp.*, 684 F. App'x 240, 242 (3d Cir. 2017) (holding that "the FCRA prohibits private enforcement of the duties arising under § 1681s-2(a)"); *Seamans v. Temple Univ.*, 744 F.3d 853, 864 (3d Cir. 2014) (holding that the "FCRA explicitly precludes private suits for failure to comply with that statutory duty" to provide complete and accurate information under Section 1681s-2(a)); *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir. 2011) (holding that Section 1681s-2(a) "cannot be used by a private individual to assert a claim for a violation of § 1681s–2(a), as such claims are available only to the Government"); *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011) (holding that a plaintiff "cannot base his claim on 15 U.S.C. § 1681s–2(a)(1)(A), because no private right of action exists under that provision").

In response, Reich concedes that he cannot bring a cause of action under Section 1681s-2(a) against FDU, but he asks the Court for leave to amend his complaint to assert

a claim under the portion of the FCRA that allows a consumer to bring a private cause of action to recover damages for FDU's alleged conduct, *i.e.*, Section 1681s-2(b). (ECF No. 11 at 6–8.) *See Tauro*, 684 F. App'x at 242 n.2 (holding that "consumers do have a private right of action to challenge violations of § 1681s-2(b)"); *Seamans*, 744 F.3d at 867 (holding that "a private cause of action arises under 15 U.S.C. § 1681s–2(b)"); *SimmsParris*, 652 F.3d at 358 (holding that "a private citizen may bring an action under 15 U.S.C. § 1681s–2(b)"). However, Reich neglected to cross-move to amend his claims in order to assert a claim under Section 1681s-2(b).

The Court cannot discern at this juncture whether such an amendment would be futile. Furthermore, FDU does not argue that such an amendment would be futile, and only argues that "FDU reserves all arguments, rights, and defenses in the event Plaintiff moves to amend or files an amended complaint in accordance with an order of this Court." (ECF No. 12 at 14 n.9.) Therefore, the Court grants the motion by FDU to dismiss as to the FCRA claim that is asserted against it without prejudice, and grants leave to Reich to move before the Magistrate Judge to amend his FCRA cause of action to assert a claim under Section 1681s-2(b), or any other proper section of the FCRA, within 14 days.

## III. Section 1981

To state a claim under Section 1981, a plaintiff must allege: (1) that he is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities listed in the

7

statute, including the right to enforce the performance of a contract after its formation. *See Brown v. Philip Morris Inc.*, 250 F.3d 789, 797 (3d Cir. 2001). It is well-settled law that Jews are considered to be a race and a racial minority for the purposes of the protection afforded by Section 1981. *See Shaare Tefila Congregation v. Cobb*, 481 U.S. 615, 617–18 (1987) (holding that Jews are "considered to be [a] distinct race[] and hence within the protection of the statute," and thus "Jews are not foreclosed from stating a cause of action against other members of what today is considered to be part of the Caucasian race"); *St. Francis College v. Al-Khazraji*, 481 U.S. 604, 611–13 (1987) (holding the same).

## A. Discriminatory conduct

FDU argues that Reich has not set forth a claim under Section 1981 that FDU discriminated against him because he is Jewish, and that he has offered mere speculation that his bad experience in the Course and the resulting grade are linked to the fact that he is Jewish. (*See* ECF No. 6-1 at 6, 13.)

However, in accepting that Reich's allegations as set forth in the complaint are true, the Court concludes that Reich has set forth a viable claim of discrimination concerning FDU's conduct. Specifically, Reich claims that FDU treats the Jewish students enrolled in the yeshiva program worse than other students enrolled in other programs at FDU, as few courses are offered as part of that program; that FDU knew that he was Jewish; that he was mistreated by FDU because he is Jewish in the form of the limited course offerings in the yeshiva program and his lackluster Professor; and that

8

FDU permitted the Professor's misconduct and eventual unfair grading of his work to occur because he is Jewish.

The Court cannot state at this early juncture that it appears beyond a doubt that Reich can prove no set of facts in support of his claim that would entitle him to relief on this issue. *See Broom v. Saints John Neumann & Maria Goretti Catholic High Sch.*, 722 F. Supp. 2d 626, 631 (E.D. Pa. 2010) (denying a school's motion to dismiss a Section 1981 claim, where the plaintiff student alleged that he had suffered discriminatory conduct from a teacher based upon his ancestry, and ruling that the student asserted a claim that was sufficient to survive a motion to dismiss). Therefore, the aforementioned allegations that Reich asserts in support of his Section 1981 claim are sufficient to survive a motion to dismiss under Rule 12(b)(6). The Court offers no opinion at this time on whether this claim will survive a motion for summary judgment following the discovery process.

### B.     Statute of Limitations

FDU and Reich agree that the statute of limitations for Reich's Section 1981 claim is four years, because the alleged discriminatory conduct arose after Reich was admitted to FDU, and thus after the formation of the contract concerning his enrollment at FDU. (ECF No. 6-1 at 11 (FDU's brief asserting the same); ECF No. 11 at 5–6 (Reich's brief asserting the same).) *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004) (setting forth a statute of limitations of four years for certain Section 1981 claims);

*Hajjar-Nejad v. George Washington Univ.*, 873 F. Supp. 2d 1, 16 (D.D.C. 2012) (holding that the Section 1981 claims by a plaintiff medical student against a defendant medical school for subjecting him to discriminatory conduct while he was enrolled there "implicate the sort of post-contract-formation conduct[, and thus] they are subject to a four-year statute of limitations"); *Brown v. Castleton State Coll.*, 663 F. Supp. 2d 392, 396–97 (D. Vt. 2009) (holding the same for a Section 1981 claim brought by a plaintiff student against a defendant college).

FDU argues that the Section 1981 claim is time-barred because Reich's claim arose when his official enrollment at FDU ended in December 2012, and that he did not bring this action until 2017, *i.e.*, after the four-year statute of limitations had expired. (ECF No. 6-1 at 11–12.) In opposition, Reich argues that he turned in his final paper on September 11, 2014, and that he instituted this action on September 28, 2017. (ECF No. 11 at 2, 5–6.) Thus, Reich argues that the statute of limitations did not begin to run until September 2014, and that his Section 1981 claim is timely because he brought it before the four-year statute of limitations had expired. In reply, FDU does not dispute that Reich handed in his final paper on September 11, 2014, but correctly points out that the complaint merely alleges that he handed in his paper "long after the semester ended" without a specific date. (ECF No. 12 at 6–7.)

Accepting Reich's allegations as being true, the Court finds at this juncture that Reich brought his Section 1981 claim against FDU within the requisite statute of limitations. Reich's allegations and arguments taken as a whole give rise to inferences

that FDU did not view its relationship with Reich as having been terminated in 2012, and that the allegedly discriminatory conduct by FDU continued as a part of that relationship up to at least September 11, 2014.  After conducting discovery, if FDU believes that the statute of limitations began to run in 2012 and that there was no continuing relationship between FDU and Reich up to 2014, then FDU may renew its argument at the summary judgment stage.

The Court is well aware that Reich's brief in opposition to FDU's motion to dismiss is not the proper vehicle to expand upon the factual allegations in his complaint to include an assertion that FDU's discriminatory conduct occurred up to September 2014. *See Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (noting that it "is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss"); *see also Scott v. Cohen*, 528 F. App'x 150, 152 (3d Cir. 2013) (holding that a complaint may not be amended by the briefs in opposition to a motion to dismiss).  However, the Court is empowered to "freely give" leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2).

The Court finds that the allegations included in Reich's opposition brief would, if incorporated into his complaint, state a Section 1981 claim that is within the requisite statute of limitations.  Therefore, in the interests of justice and judicial efficiency, the Court also grants the motion to dismiss as to this issue without prejudice, and grants leave to Reich to move before the Magistrate Judge to amend his Section 1981 claim to include allegations concerning the specific dates upon which he handed in his final paper and

received his grade of "F" in the Course within 14 days. *See Abbott v. Verizon Commc'ns*, No. 11-421, 2012 WL 1033415, at *3 (D.N.J. Mar. 27, 2012) (granting a motion made pursuant to Rule 12(b)(6) to dismiss without prejudice, and with leave to the plaintiff to move to amend her complaint, because the plaintiff's brief in opposition to the motion included factual assertions that should have been included in the original pleadings and that stated a claim upon which relief could be granted).

## CONCLUSION

For the aforementioned reasons, the Court grants FDU's motion to dismiss without prejudice. In addition, Reich is granted leave to move before the Magistrate Judge to amend his complaint to assert a proper FCRA claim, and to include all allegations for his Section 1981 claim concerning when his final paper was handed in and graded, within 14 days. The Court will enter an appropriate order.

JOSE L. LINARES
Chief Judge, United States District Court

Dated: January 11th, 2018