M. Trevor Lyons
Katelyn O'Reilly
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, N.J. 07102
(973) 757-1100

*Attorneys for Defendant*
*Fairleigh Dickinson University*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JONATHAN R. REICH,<br><br>        Plaintiff,<br>v.<br><br>FAIRLEIGH DICKINSON UNIVERSITY,<br><br>        Defendant. | Civil Action No. 2:17-cv-07608<br>(JMV-JSA)<br><br>**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION TO SEAL**<br><br>*Filed Electronically* |

  Pursuant to Local Civil Rule 5.3(c), Defendant Fairleigh Dickinson University ("FDU") hereby submits these Proposed Findings of Fact and Conclusions of Law in support of its Motion to Seal portions of: (1) Fairleigh Dickinson University's Brief in Support of Its Motion to Amend to Assert Counterclaims (D.E. 86); (2) Exhibit 1 to the Declaration of M. Trevor Lyons (D.E. 86-2); and (3) Exhibit 2 to the Declaration of M. Trevor Lyons (D.E. 86-3) (collectively, "the Confidential Documents"). The information to be sealed identified in the Index attached as Exhibit A to the Declaration of M. Trevor Lyons ("Lyons Decl.")[1] is collectively referred to herein as the "Confidential Materials." Local Civil Rule 5.3(c) places the burden of proof on the moving party

---

[1] "Lyons Decl." refers to the Declaration of M. Trevor Lyons in Support of the Motion to Seal, submitted herewith on behalf of FDU.

as to why a motion to seal or otherwise restrict public access should be granted. Specifically, it requires a showing of:

  (1) the nature of the materials or proceedings at issue;

  (2) the legitimate private or public interest which warrants the relief sought;

  (3) the clearly defined and serious injury that would result if the relief sought is not granted; and

  (4) why a less restrictive alternative to the relief sought is not available.

Set forth below are the findings of fact and conclusions of law addressing each of the elements of Local Civil Rule 5.3(c). These findings of fact and conclusions of law support the granting of FDU's Motion to Seal the Confidential Materials:

## I. The Nature of the Materials or Proceedings at Issue

### A. Findings of Fact

1.) The Confidential Materials contain and/or reflect information that FDU has designated as "Confidential" pursuant to the Discovery Confidentiality Order ("DCO"), entered by this Court on March 18, 2019 (D.E. 43).

2.) In particular, the Confidential Materials that FDU seeks to seal contain or refer to student information that FDU is statutorily required to maintain in confidence, including the private and/or confidential personal information of students of FDU. The disclosure of such information to the public violate FDU's legal obligations, including, but not limited to, under Family Educational Rights and Privacy Act ("FERPA"). The Confidential Materials also contain the false, misleading, harassing, and defamatory statements that form the basis for FDU's counterclaims, which are being sealed so as to prevent the republication of same. (*See* Lyons Decl.).

**Conclusions of Law**

3.)     There exists in civil cases a common law public right of access to judicial proceedings and records. *Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 192 (3d Cir. 2001) (citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988)). The party seeking to seal any part of a judicial record bears the burden of demonstrating that "the material is the kind of information that courts will protect." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)).

4.)     This Court has the power to seal where confidential information may be disclosed to the public. Fed. R. Civ. P. 26(c)(1)(G). Additionally, this Court has recognized that personal identifying information is confidential and should not be disclosed to the public. *See Platt v. Freedom Mortg. Corp.*, No. 10-968, 2013 U.S. Dist. LEXIS 175032, at *30-34 (D.N.J. Dec. 10, 2013); *Harris v. Nielsen*, No. 09-2982, 2010 U.S. Dist. LEXIS 58993, at *13 (D.N.J. June 15, 2010) (holding that party's personal information must be sealed); *see also* L. Civ. R. 5.2(17). Similarly, under FERPA, federal law prohibits the disclosure of an "educational record" that contains information "directly related to a student," including his name, address, or "other information that, alone or in combination, is linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty" to an unauthorized individual. *See M.A. et al. v. Jersey City Board of Education*, C.A. No. 14-6667 (KM)(MAH) (D.N.J. Dec. 29, 2016); *see also* 20 U.S.C. § 1232g; 34 C.FR. 99.3. This same protection to student records is generally provided for by state law pursuant to the Open Public Records Act ("OPRA"), N.J.S.A. 47:1A-1 to 13, and the New Jersey Pupil Records Act ("NJPRA"), N.J.S.A. 18A:36-19 and their applicable regulations.

**II.     The Legitimate Private or Public Interest Which Warrants the Relief Sought**

   **A.     Findings of Fact**

   5.)   The Confidential Materials contain and/or relate to information that FDU has designated as "Confidential" pursuant to the DCO, including private and/or confidential personal information of FDU students, which FDU maintains as confidential pursuant FERPA. The Confidential Materials also contain the false, misleading, harassing, and defamatory statements that form the basis for FDU's counterclaims, which are being sealed so as to prevent the republication of same. (*See* Lyons Decl.).

   **B.     Conclusions of Law**

   6.)   Courts have recognized that the presumption of public access is not absolute and may be rebutted. *Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991). "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Littlejohn*, 851 F.2d at 678 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

   7.)   Courts in this District have held that the inclusion of personal identifying information and other confidential information in documents warrants the sealing of such documents. "A well-settled exception to the right of access is the 'protection of a party's interest in confidential commercial information . . . where there is a sufficient threat of irreparable harm.'" *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (citation omitted); *see also Platt*, 2013 U.S. Dist. LEXIS 175032, at *30-*34. As such, "[t]he presence of . . . confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure." *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d at 664 (citations omitted).

**III.    The Clearly Defined and Serious Injury that Would Result if the Relief Sought Is Not Granted**

    **A.    Findings of Fact**

8.)    In light of its reference to, and disclosure of, confidential information that FDU maintains in confidence pursuant to FERPA and is prohibited from disclosing such information to the public. Moreover, the Confidential Materials recite false, misleading, harassing, and defamatory statements regarding FDU, and its agents and employees, the publication of which harms FDU, and its agents and employees. As such, the public disclosure of the Confidential Materials poses a substantial risk of harm to FDU, its agents, employees, and students. (*See* Lyons Decl.).

    **B.    Conclusions of Law**

9.)    This Court has discretion to balance the factors for and against access to court documents. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 781 (3d Cir. 1994).

10.)    Protection of a party's interest in confidential information is a sufficient threat of irreparable harm and is clearly defined as a serious injury. *See Publicker*, 733 F.2d at 1071

**IV.    Why a Less Restrictive Alternative to the Relief Sought Is Not Available**

    **A.    Findings of Fact**

12.)    Once confidential information is disclosed to the public, it can never again be sealed or maintained as private. Moreover, FDU's request to seal the Confidential Materials is narrowly tailored to the specific confidential information identified in the accompanying Exhibit A.

13.)    The disclosure of the Confidential Materials would pose a risk of harm to FDU, its agents, employees, and students. The disclosure of such information to the public would compromise and trammel upon the privacy interests of FDU's students and the republication of the false, misleading, harassing, and defamatory statements regarding FDU, and its agents and

employees, would only further harm FDU and its agents and employees. Accordingly, the only way to protect the interest of FDU, its agents, employees, and students is to seal the Confidential Materials.

14.) Redacted versions of the Confidential Documents have been publicly filed on the docket. (*See* Lyons Decl.).

**B.  Conclusions of Law**

15.) Under Local Civil Rule 5.3(c)(2), a party seeking to seal documents must meet the fourth prong that a no less restrictive alternative to the relief sought is available. *See Securimetrics, Inc. v. Iridian Techs., Inc.*, No. 03-cv-04394, 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006).

16.) The sealing of Confidential Materials is an accepted practice in the District of New Jersey. *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d at 654.

17.) The requested relief is narrowly tailored as redacted versions sealing only the Confidential Materials have been filed.

Dated: February 28, 2022

Respectfully submitted,

*s/M. Trevor Lyons*
M. Trevor Lyons
Katelyn O'Reilly
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, N.J. 07102
(973) 757-1100

*Attorneys for Defendant*
*Fairleigh Dickinson University*