**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **JONATHAN REICH,** | **Civil Action No. 17-7608 (JMV) (JSA)** |
| **Plaintiff,** | |
| **v.** | **OPINION** |
| **FAIRLEIGH DICKINSON UNIVERSITY,** | |
| **Defendant.** | |

**ALLEN, U.S.M.J.**

This matter comes before the Court by way of Defendant Fairleigh Dickinson University's ("FDU") two motions.  The first is FDU's motion for leave to amend its answer to assert four counterclaims against *Pro Se* Plaintiff Jonathan R. Reich ("Plaintiff").  (*See* ECF No. 85).  Plaintiff opposes the motion.  The second is FDU's unopposed motion to seal pursuant to Local Civil Rule 5.3(c).  (ECF No. 97).  No oral argument was heard.  Fed. R. Civ. P. 78(b).  Having carefully considered the parties' respective submissions, for good cause shown, and for the reasons set forth herein, the motions are **GRANTED IN PART** and **DENIED IN PART**.

## I.     RELEVANT BACKGROUND

This lawsuit arises from Plaintiff's enrollment in the Yeshiva Program at the Petrocelli College of Continuing Studies at FDU and a dispute over FDU's tuition charge for a class and Plaintiff's failing grade from a professor's alleged false accusations of plagiarism.  (*See generally* Compl., ECF No. 1).  Plaintiff filed his original Complaint on September 28, 2017, (ECF No. 1), which FDU moved to partially dismiss.  (ECF No. 6).  On January 11, 2018, the Honorable Jose L. Linares, U.S.D.J. (Ret.), granted FDU's motion without prejudice to Plaintiff's right to seek leave to move to amend and revise his Complaint consistent with Judge Linares' rulings.  (ECF Nos. 13

& 14).  Thereafter, on May 7, 2018, the Honorable Joseph A. Dickson, U.S.M.J. (Ret.),[1] granted Plaintiff leave to amend the Complaint, (ECF No. 24), and on June 5, 2018, Plaintiff filed an Amended Complaint against FDU and Security Credit Systems, Inc.[2]  (Am. Compl., ECF No. 25). As with the original Complaint, the Amended Complaint asserts claims for discrimination under 42 U.S.C. § 1981, and the Fair Credit Reporting Act ("FCRA"), as well as claims for breach of contract and promissory estoppel.  (*See id.*).  FDU answered the Amended Complaint on July 23, 2018. (ECF No. 29).  FDU asserted no counterclaims against Plaintiff in the original Answer.  (*See id.*).

On October 9, 2018, the Court held an Initial Scheduling Conference and issued a Pretrial Scheduling Order, which, among other things, set January 25, 2019 as the deadline for filing any motion to amend pleadings.  (ECF No. 36).  Fact discovery was to remain open until May 15, 2019. (*Id.*).  The Court subsequently extended the deadline to amend the pleadings until March 29, 2019, and the fact discovery deadline until September 13, 2019.  (ECF Nos. 39 & 46).

Following unsuccessful attempts to settle this case for more than one year, on February 5, 2021, the Court issued a Scheduling Order further extending the fact discovery deadline through May 28, 2021.  (ECF No. 56).  Shortly thereafter, Plaintiff discharged his attorney and requested to proceed *pro se*, (*see* ECF Nos. 58 & 60), which this Court granted on March 23, 2021.  (ECF No. 68).  During a Telephone Status Conference on May 18, 2021, this Court further extended the fact discovery deadline through August 15, 2021 as memorialized by order.  (*See* ECF No. 69).

While the parties were engaged in discovery, Plaintiff filed two motions, on July 15, 2021, seeking to: (i) disqualify FDU's counsel; (ii) vacate Judge Linares' January 11, 2018 Opinion and Order dismissing without prejudice Counts One and Four of the original Complaint; and (iii) amend

---

[1] This matter was subsequently reassigned to the Undersigned on February 19, 2021.

[2] On October 29, 2018, the Court dismissed Defendant Security Credit Systems, Inc. without prejudice pursuant to Fed. R. Civ. P. 4(m).  (ECF No. 33).

2

the Amended Complaint to name additional defendants. (*See* ECF Nos. 71 & 72). Given the nature of the motions, the Undersigned held the August 15, 2021 discovery deadline in abeyance pending the outcome of Plaintiff's motions. (ECF No. 74). On November 22, 2021, this Court dismissed Plaintiff's application to vacate the January 11, 2018 Opinion and Order as moot and further denied his applications to disqualify FDU's counsel and amend the Amended Complaint. (ECF No. 78).

On that same date, the Undersigned issued an Amended Scheduling Order, which extended the fact discovery deadline through January 10, 2022, and directed the parties to submit individual letters by December 21, 2021, addressing the status of discovery. (ECF No. 79). Rather than address the status of discovery, as detailed below, on December 15, 2021, FDU sought leave to file the instant motion to assert counterclaims, stating that it had recently learned of Plaintiff's allegedly defamatory online communications and postings about FDU and some of its employees. (ECF No. 80).

## II.     FDU'S MOTION TO AMEND

According to FDU, Plaintiff published and recounted his claims in this litigation, wrongfully asserted that FDU engages in hate and discrimination against its students, and attacked the character and reputation of FDU, along with its employees. (*Id.* at 1). FDU also sought to compel production of Plaintiff's personal electronic devices for forensic imaging to mitigate against the risk of spoliation. (*Id.* at 3). Plaintiff filed a response, which merely stated that FDU's allegations and accusations lack evidentiary basis. (ECF No. 82). On December 21, 2021, the Court granted FDU leave to file the instant motion, denied FDU's request to compel Plaintiff to produce his electronic devices as premature, but reminded the parties of their continuing preservation duties pursuant to Fed. R. Civ. P. 26 and L. Civ. R. 26.1. (ECF No. 83).

As detailed in its moving papers, FDU seeks to supplement its answer to assert—on behalf of itself, its agents, and its employees—four counterclaims against Plaintiff for defamation, false

light, trade libel, and tortious interference.  (*See* ECF No. 86-2 at 18-29).  FDU alleges that beginning in November 2021, Plaintiff posted and published numerous online false, misleading and defamatory statements about FDU, its agents, and its employees ("Defamatory Statements").  (*Id.* at 19, ¶ 1).  FDU continues that the proposed amendment meets the applicable standards set forth in Fed. R. Civ. P. 15 and 16 in that FDU has good cause to seek the amendment, which was timely sought, would not unduly prejudice Plaintiff, and is not futile.  (ECF No. 86).

In opposition, Plaintiff takes issue with FDU's request to image his electronic devices—which the Court has already denied as premature—and contends that the motion should be denied because FDU has failed to provide any proof or evidence in support of the proposed counterclaims. (*See* ECF No. 89).  In reply, FDU argues that it need not prove its counterclaims at this stage; rather, it must only sufficiently state a claim.  (ECF No. 92).  Plaintiff filed what amounts to a sur-reply, which reiterates his prior arguments.[3]  (ECF No. 94).

## III.   FDU'S MOTION TO SEAL

FDU seeks to seal the following: (i) portions of its moving brief filed in support of its motion to amend, (ECF No. 86); (ii) portions of the clean and redline versions of the proposed supplemental pleading, (ECF Nos. 86-2 & 86-3); and (iii) the entirety of Exhibits 1, 4-5, and 7-13 annexed to the proposed supplemental pleading.  (*See* ECF Nos. 86-2 & 97-2 at Exh. 1).  As required by Local Civil Rule 5.3(c)(3), FDU submitted an index, describing the nature of the materials to be sealed, the alleged legitimate private interests at stake, the alleged injury that would result if sealing was not granted, and why no less restrictive alternative to sealing is available.  (*See* ECF No. 92-7 at Exh. 1).  Plaintiff neither included any objections to seal in FDU's index nor otherwise submitted a response to the motion.

---

[3] Sur-replies are not permitted without the Court's permission.  L. Civ. R. 7.1(d)(6).  Plaintiff did not obtain leave to file his sur-reply.  Notwithstanding, given Plaintiff's status as a *pro se* litigant, the Court will consider the sur-reply in deciding FDU's motion to amend.  However, Plaintiff is reminded that he must seek leave in the future.

FDU claims that sealing is warranted.  According to FDU, the materials sought to be sealed fall into two categories (sometimes collectively, "Subject Materials").  The first category contains or refers to student information and personally identifiable information that FDU is statutorily required to maintain in confidence ("Student Information"), under the Family Educational Rights and Privacy Act ("FERPA"), the Open Public Records Act ("OPRA"), and New Jersey Pupil Records Act ("NJPRA").  (ECF No. 97-1 at 2-3 & ECF No. 97-2, ¶¶ 4, 7).  The second category contains the alleged Defamatory Statements that would irreparably harm FDU, its agents, and its employees if republished.  (ECF No. 97-2, ¶¶ 4, 7).  FDU continues that the Subject Materials have been designated as "Confidential" under the Discovery Confidentiality Order ("DCO") entered in this action (ECF No. 43), which provides a basis for sealing.  (*Id.* ¶ 5).

## IV.   DISCUSSION

### A.     Motion to Amend

FDU seeks to supplement its answer to assert—on behalf of itself, its agents, and its employees—the four counterclaims.[4]  FDU argues that Rules 15(a) and 16 govern its motion to amend.  However, as FDU seeks to supplement its answer (i) by "setting out a[] transaction, occurrence, or event that happened after the date of [its] pleading," Fed. R. Civ. P. 15(d), and (ii) by "asserting [] counterclaim[s] that matured or w[ere] acquired . . . after serving [the] earlier pleading," Federal Rules of Civil Procedure 13(e) and Rules 15(d) apply instead.  *See Bd. of Trs. of the Nat'l Elevator Indus. Health Benefit Plan v. McLaughlin*, Civ. No. 12-4322, 2013 U.S. Dist.

---

[4] FDU appears to seek leave to assert the four counterclaims on behalf of itself along with its nonparty agents and employees.  *See* ECF No. 86-2 at 19, ¶ 1 & at 25, ¶ 35.  However, FDU has not offered any legal basis for asserting counterclaims on behalf of non-parties.  Indeed, FDU does not include—in its proposed pleading—any basis for third-party standing.  *See Purpura v. Christie*, 687 F. App'x 208, 210 (3d Cir. 2017) ("[T]o establish third-party standing, a litigant must demonstrate that (1) he has suffered an injury in fact that provides him with a sufficiently concrete interest in the outcome of the issue in dispute; (2) he has a close relation to the third party; and (3) there exists some hindrance to the third party's ability to protect his or her own interests." (internal quotation marks and citation omitted)).  Accordingly, FDU has not even attempted to satisfy the third-party standing elements.  *See Nasir v. Morgan*, 350 F.3d 366, 376 (3d Cir. 2003).  Thus, to the extent FDU seeks to assert the proposed counterclaims on behalf of non-party agents and employees, that part of the motion is denied.

LEXIS 127581, at *10 (D.N.J. Sep. 6, 2013) ("Rule 13(e) is to be read in conjunction with Rule 15(d)" (citation omitted)).

Rule 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve [such] a supplemental pleading . . . ." Fed. R. Civ. P. 15(d).  Similarly, Rule 13(e) states that "[t]he court may permit a party to file a supplemental pleading . . . ." Fed. R. Civ. P. 15(e).  "The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." *Planker v. Christie*, Civ. No. 13-4464, 2018 U.S. Dist. LEXIS 166259, at *7 (D.N.J. Sep. 27, 2018) (internal quotation marks and citations omitted).

Ultimately, "[t]he standard under Rule 15(d) is essentially the same as that under Rule 15(a)." *Strenger v. Miner*, Civ. No. 17-3332, 2021 U.S. Dist. LEXIS 62362, at *13 (D.N.J. Mar. 31, 2021) (Hayden, J.) (internal quotation marks and citations omitted); *see also McLaughlin*, 2013 U.S. Dist. LEXIS 127581, at *9.  Thus, a motion to supplement a pleading "should be granted 'if it will promote the just disposition of the case, will not cause undue prejudice or delay and will not prejudice the rights of any parties.'" *Planker*, 2018 U.S. Dist. LEXIS 166259, at *7 (quoting *Sky R. v. Haddonfield Friends Sch.*, Civ. No. 14-5730, 2016 U.S. Dist. LEXIS 43002, at *2 (D.N.J. Mar. 31, 2016)).  On the other hand, such a motion may be denied "where the proposed amendment or pleading is futile," *McLaughlin*, 2013 U.S. Dist. LEXIS 127581, at *10; *Sky R.*, 2016 U.S. Dist. LEXIS 43002, at *7, or "when it would raise new issues and unduly delay resolution of the case." *Planker*, 2018 U.S. Dist. LEXIS 166259, at *7 (quoting *Love v. N.J. Dep't of Corr.*, Civ. No. 15-4404, 2017 U.S. Dist. LEXIS 155076, at *4 (D.N.J. Sept. 22, 2017)).  However, the decision is ultimately "left to the sound discretion of the court." *Id.*

1.     Undue Prejudice and Delay

"There is . . . no presumptive period in which a motion for leave to amend is deemed 'timely' or in which delay becomes 'undue.'"  *Arthur v. Maersk, Inc.*, 434 F.3d 196, 205 (2006).  "[M]ere passage of time" or "[i]ncidental prejudice" is insufficient.  *Cureton v. Nat'l Collegiate Athletics Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001); *Sun Chem. Corp. v. Fike Corp. & Suppression Sys. Incorp.*, Civ. No. 13-4069, 2022 U.S. Dist. LEXIS 97461, at *9 (D.N.J. June 1, 2022).  "The burden is on the non-moving party to show that amendment would be prejudicial."  *Sun Chem. Corp.*, 2022 U.S. Dist. LEXIS 97461, at *9 (internal citation omitted).

"Delay becomes 'undue,' and thereby creates grounds for the district court to refuse leave, when it places an unwarranted burden on the court or when the [moving party] has had previous opportunities to amend."  *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008) (citation omitted).  In turn, "[p]rejudice becomes undue when a party shows that it would be 'unfairly prejudiced' or deprived of the opportunity to present facts or evidence which it would have offered."  *Sun Chem. Corp.*, 2022 U.S. Dist. LEXIS 97461, at *9 (citation omitted).  In determining whether undue prejudice will result if leave is granted, courts consider whether the assertion of any new claim will: "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the [moving party] from bringing a timely action in another jurisdiction."  *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) (internal citation and quotation marks omitted).

The Court finds that Plaintiff has failed to meet his burden of showing undue prejudice. Plaintiff merely argues that FDU's request to forensically image his personal electronic devices is "an attempt to steal [his] private documents and files and further delay justice."  (ECF No. 89 at 2). Such bald assertions are insufficient to demonstrate undue prejudice will result if leave to supplement is granted.  Plaintiff does not explain how he will be compelled to expend significant

additional resources to conduct additional discovery, how the amendment will result in significant delays, or how he will be otherwise deprived of the opportunity to present facts or evidence.[5]

The Court finds that FDU exercised due diligence in timely filing the motion after the alleged postings and publications occurred. FDU submits that Plaintiff's alleged unlawful conduct, giving rise to the proposed counterclaims, began on or around November 23, 2021. (ECF No. 86 at 13). Upon learning of such conduct, FDU promptly investigated the conduct and sought leave to file the instant motion on December 15, 2021. (ECF No. 80). Further, while this case has been pending for years and the proposed counterclaims raise some new issues, discovery remains ongoing. Indeed, depositions have not yet begun. (*See* ECF No. 88). Accordingly, based on the foregoing, the Court finds that supplementing FDU's answer will promote the just disposition of the case and will not cause undue prejudice or delay. However, the Court turns to whether the supplement would be futile.

2.    Futility

Liberally construing Plaintiff's opposition, he raises the issue of futility, by arguing the proposed amendments lack merit. Further, in support of its motion, FDU affirmatively claims that the amendments are not futile. As such, the Court will consider whether futility is a valid basis to deny the motion.

As a threshold matter, the Court notes that "[t]he inquiry is not whether the movant will ultimately prevail, but whether the proposed pleading sets forth 'enough facts to state a claim to relief that is plausible on its face.'" *Covington v. Equifax Info. Servs.*, Civ. No. 18-15640, 2020 U.S. Dist. LEXIS 69384, at *13 (D.N.J. Apr. 20, 2020) (quoting *Bell Atl. Corp. v. Twombly*, 550

---

[5] Plaintiff also asserts—in a conclusory fashion—that FDU's motion is made in bad faith, based on fraud and misconduct, and to distract the Court. (ECF No. 94). The Court disagrees. The Court finds that there is nothing to credibly suggest that FDU brought this motion in bad faith. (ECF No. 86 at 26). Plaintiff has failed to proffer any proof to the contrary beyond his own unsubstantiated beliefs.

U.S. 544, 570 (2007)).  Leave to file a proposed supplemental pleading may be denied as futile "where a federal court would lack subject matter jurisdiction," *Hayden v. Westfield Ins. Co.*, 586 F. App'x 835, 841 (3d Cir. 2014) (internal citation omitted), or if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal citation and quotation marks omitted).  A proposed claim is facially insufficient if it fails under "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (internal citations omitted).  In analyzing a claim under this standard, courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the [claimant], and determine whether, under any reasonable reading of the complaint, the [claimant] may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

Here, as there is no jurisdictional challenge to the proposed supplemental pleading, the analysis turns on whether the proposed counterclaims are facially insufficient, applying a Rule 12(b)(6) standard.

(a) *Defamation*

To plead a defamation claim based on New Jersey law, FDU must allege sufficient facts that, if true, would "establish (1) the assertion of a false and defamatory statement concerning [FDU], (2) the unprivileged publication of that statement to a third party, (3) fault amounting to at least negligence by the publisher, and (4) damages." *Robles v. U.S. Envt. Universal Serv., Inc.*, 469 Fed. App'x 104, 109 (3d Cir. 2012); *see also Lynch v. N.J. Educ. Ass'n*, 161 N.J. 152, 164-65 (1999) ("A statement is defamatory if it is false, communicated to a third person, and tends to lower the subject's reputation in the estimation of the community or to deter third persons from associating with him.").

9

"To determine whether a statement is defamatory, a court must examine three factors: (1) content, (2) verifiability, and (3) context." *Sky R.*, 2016 U.S. Dist. LEXIS 43002, at *13 (citing *Ward v. Zelikovsky*, 136 N.J. 516, 529 (1994)).   As to the first factor, content, courts should "'consider the fair and natural meaning that will be given [to the statement] by reasonable persons of ordinary intelligence.'" *Id.* (internal citation omitted).   The second factor, verifiability, requires that the Court determine "'whether the statement is one of fact or opinion." *Id.* (internal citation omitted).   While "opinion statements generally have received substantial protection under the law," *Ward*, 136 N.J. at 531, "a plaintiff has a cause of action for harm from a defamatory opinion statement 'when the statement implies underlying objective facts that are false.'" *Sky R.*, 2016 U.S. Dist. LEXIS 43002, at *13-14 (quoting *Ward*, 136 N.J. at 531).   As to the final factor, context, courts must consider "'[t]he listener's reasonable interpretation . . . [within] the context in which the statement appears.'" *Id.* at 14 (quoting *DeAngelis v. Hill*, 180 N.J. 1, 15 (2004)).

As detailed in FDU's proposed defamation counterclaim, Plaintiff allegedly accuses FDU of committing discrimination, corruption, and defrauding Plaintiff.  (ECF No. 86-2).  According to FDU, Plaintiff maintains Facebook, Twitter, and Google user profiles, which he has used to post, publish, and disseminate the allegedly Defamatory Statements, and has further emailed such statements to organizations.  (*Id.* at 22-23, ¶¶ 20-29).  As detailed in the proposed counterclaims, FDU alleges Plaintiff authored the following statements, among others:

a. 'Leon Kurland is a liar and collects money for classes but fails to show up. Kurland also is involved in discrimination and retaliation against students who do not follow and support all of his ideas.'

b. FDU takes 'part in discrimination based on age, color, and religion.'

c. FDU is a '[h]orrible college with corrupt administrators and hateful educators.'

d. FDU has 'corrupt university administrators' who engage in 'fraud and deception.'

e. FDU is a 'scam university with a history of defrauding students and lasting

corruption.'

\*      \*      \*

h. FDU's former General Counsel, John Codd 'defrauded' 'Vip Level's' (aka Reich's) father 'for over $5000 through a bank and wire transfer scam. . . .'

(*Id.* at 23-24, ¶ 29 [internal citation omitted]).  FDU asserts that, as a result of Plaintiff's conduct, FDU, along with its agents and employees, have been damaged, and that the damages are "ongoing and continuing."  (*Id.* at 25, ¶ 35).

Here, in considering all three factors, the Court finds that asserting a defamation counterclaim would not be futile.  FDU has sufficiently pled facts, that if true, state a claim for defamation.  FDU alleges that Plaintiff's online statements amount to defamatory communications beyond mere statements of opinion given the context of these statements.  *See Romaine v. Kallinger*, 109 N.J. 282, 289 (1988) ("A defamatory statement is one that is false and injurious to the reputation of another or exposes another person to hatred, contempt or ridicule or subjects another person to a loss of the good will and confidence in which he or she is held by others."  (internal quotation marks and citations omitted)).  Statements that falsely attribute criminality or "'impute to [a company] fraud, deceit, dishonest, or reprehensible conduct in relation to [a] product' are *per se* defamatory." *Ny Mach., Inc. v. Korean Cleaners Monthly*, Civ. No. 17-12269, 2018 U.S. Dist. LEXIS 92031, at \*13 (D.N.J. May 31, 2018) (Wigenton, J.) (quoting *Gillon v. Bernstein*, 218 F. Supp. 3d 285, 296, 302 (D.N.J. 2016) (Martini, J.)); *Romaine*, 109 N.J. at 291.

Finally, as to the element of damages, in this context, "damages are presumed." *Gillon*, 218 F. Supp. 3d at 298.  As such, FDU has sufficiently alleged that it has sustained damages.

Based on the foregoing reasons, the Court finds that FDU's proposed counterclaim for defamation asserted on FDU's own behalf is not futile.  Accordingly, FDU's motion to supplement its answer to assert a defamation counterclaim on its own behalf is **GRANTED**.

11

(b)    *False Light*

"Under New Jersey law, false light is a cause of action arising out of the greater tort of invasion of privacy." *Gillon*, 218 F. Supp. 3d at 303 (quoting *Romaine*, 109 N.J. at 293).  To plead such a claim, FDU must allege facts that, if true, would establish that Plaintiff gave "publicity to a matter concerning [FDU] that places [FDU] before the public in a false light [and] . . . (a) the false light in which [FDU] was placed would be highly offensive to a reasonable person, and (b) [Plaintiff] had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which [FDU] would be placed." *Romaine*, 109 N.J. at 294 (quoting Restatement (Second) of Torts [hereinafter "Restatement"] § 652E).  "The interest protected by the duty not to place another in a false light is that of the individual's peace of mind, *i.e.*, his or her interest 'in not being made to appear before the public in an objectionable false light or false position, or in other words, otherwise than as he is.'" *Id.* (quoting Restatement § 652E, commt. b).

The Court finds that the proposed counterclaim is facially insufficient because FDU—as a private university, (ECF No. 86-2 at 19, ¶ 2), similar to a corporate entity—has no personal right of privacy and, thus, may not assert a false light claim, which arises out of "the greater tort of invasion of privacy." *Gillon*, 218 F. Supp. 3d at 303.  In relevant part, Restatement § 652I states that "[e]xcept for the appropriation of one's name or likeness, an action for invasion of privacy *can be maintained only by a living individual* whose privacy is invaded."  Restatement § 652I; *see also* Restatement § 652I, commt. c ("A corporation, partnership or unincorporated association has no personal right of privacy. It has therefore no cause of action for any of the four forms of invasion covered by §§ 652B to 652E. . . .").

Relying on Section 652I of the Restatement, some courts in this District as well as New Jersey state courts have held that corporate entities cannot maintain a cause of action for such forms of invasion.  *See, e.g., Gillon*, 218 F. Supp. 3d at 304 (citing Restatement § 652I, commts. a, c)

(Martini, J.) (dismissing false light claim asserted by corporate entity); *see also Benecard Servs. v. Allied World Specialty Ins. Co.*, Civ. No. 15-8593, 2020 U.S. Dist. LEXIS 94806, at *47 (D.N.J. May 31, 2020) (Shipp, J.) ("[l]imiting coverage to common law invasion of privacy torts asserted by a person is consistent with New Jersey law and the Restatement, which hold corporations do not have a cause of action for any of the four forms of invasion of privacy" (internal citation omitted)); *N.O.C., Inc. v. Schaefer*, 197 N.J. Super. 249, 253 (N.J. Super. Ct. Burlington Cnty. 1984) ((i) adopting the position of section 652I of the Restatement, (ii) reasoning that "[w]hile a corporation may have its reputation or business damaged as a result of intrusive activity, it is not capable of emotional suffering," and (iii) concluding that the corporate plaintiff could not maintain a claim for an invasion of privacy); *but see Ny Mach., Inc.*, 2018 U.S. Dist. LEXIS 92031, at *15-16 (permitting corporate entities' false light claim to proceed at the motion to dismiss stage).

While FDU is a private university, the Court finds no reason to treat it differently from corporate entities in this context.  Indeed, Restatement § 652I makes no such distinction.  Based on the foregoing, the Court finds that the proposed false light counterclaim is futile on this basis, and thus, the Court does not reach the merits of the other elements.  Accordingly, FDU's motion to supplement its answer to assert a false light counterclaim is **DENIED**.

      *(c)*    *Trade Libel*

To plead a trade libel (or product disparagement) claim based on New Jersey law, FDU must allege sufficient facts that, if true, would "prove: '(1) publication, (2) with malice (3) of false allegations concerning plaintiff's property or product (4) causing special damages, *i.e.*, pecuniary harm.'"  *Sciore v. Phung*, Civ. No. 19-13775, 2022 U.S. Dist. LEXIS 58163, at *31 (D.N.J. Mar. 30, 2022) (citation omitted).  The Court finds that the proposed claim is facially insufficient as FDU fails to plead the fourth element with the requisite particularity.  *See id.* (citation omitted).

"Unlike in the defamation context where damages are presumed, [FDU] must show special damages directly caused by the statements in question to complete [its] product disparagement claim." *Gillon*, 218 F. Supp. 3d at 298 (citation omitted).  To show special damages, FDU must "'allege either loss of particular customers by name, or a general diminution of business, and extrinsic facts showing that such special damages were the natural and direct result of the false publication.'" *Id.* (quoting *Bocobo v. Radiology Consultants of S. Jersey, P.A.*, 477 Fed. App'x 890, 901 (3d Cir. 2012)).  If the claim is based on general diminution in business, FDU must allege:

> facts showing an established business, the amount of sales for a substantial period preceding publication, the amount of sales for a [period] subsequent to the publication, facts showing that such loss in sales were the natural and probable result of such publication, and facts showing the plaintiff could not allege the names of particular customers who withdrew or withheld their custom.

*Sciore*, 2022 U.S. Dist. LEXIS 58163, at *32 (quoting *Gillon*, 218 F. Supp. 3d at 299).  "'General, implied, or presumed damages of the kind available in personal defamation actions do not satisfy the requirement of special damages needed for disparagement causes of action.'" *Id.* (quoting *Patel v. Soriano*, 369 N.J. Super. 192, 249 (App. Div. 2004)).

Here, FDU alleges in a conclusory fashion that it has been damaged as a result of Plaintiff's alleged actions and that damages are ongoing.  (*See, e.g.*, ECF No. 86-2 at 27, ¶ 47).  As set forth above, this does not rise to the requisite level of particularity.  In fact, FDU has not even alleged that Plaintiff's conduct has resulted (or will result) in concrete harm in the form of loss of funding or current or prospective students.  In support of its motion, FDU does not address this requirement to allege special damages but instead merely references "damages" that cannot be measured.  (ECF No. 86 at 22-23).  However, this type of statement is insufficient to plead a trade libel claim in New Jersey.  *See, e.g., Intervet, Inc. v. Mileutis, Ltd.*, Civ. No. 15-1371, 2016 U.S. Dist. LEXIS 22165, at *19, 22 (D.N.J. Feb. 24, 2016) (dismissing trade libel counterclaim under Rule 12(b)(6) for failure to plead special damages (citation and quotation marks omitted)).

14

Based on the foregoing, the Court finds that the proposed trade libel counterclaim is futile and does not reach the other elements of such a claim. Accordingly, FDU's motion to supplement its answer to assert a trade libel counterclaim is **DENIED**.

### (d)    Tortious Interference

Although FDU seeks to assert a claim for tortious interference, it does not specify whether this claim relates to tortious interference with an existing contract or a prospective economic advantage. (*See* ECF No. 86-2 at Count Four). This ambiguity is of no moment since under New Jersey law, both types of tortious interference claims require a party to allege sufficient facts that, if true, would meet the following four elements: "'(1) [it has] a protected interest; (2) malice — that is, [Plaintiff's] intentional interference without justification; (3) a reasonable likelihood that the interference caused the loss of the prospective gain [*i.e.*, causation]; and (4) resulting damages." *N.J. Physicians United Reciprocal Exch. v. Boynton & Boynton, Inc.*, 141 F. Supp. 3d 298, 309 (D.N.J. 2015) (quoting *Vosough v. Kierce*, 437 N.J. Super. 218, 234 (App. Div. 2014)). The Court finds that FDU's proposed counterclaim is facially insufficient for failure to sufficiently plead the causation and damages elements.

With respect to the third element, causation, FDU must "allege facts leading to the conclusion that the interference caused the loss of the prospective gain" and that "if there had been no interference[,] there was a reasonable probability that the victim of the interference would have received the anticipated economic benefits." *Printing Mart-Morristown v. Sharp Elecs. Corp.*, 116 N.J. 739, 751 (1989) (internal citation omitted); *see also Ny Mach., Inc.*, 2018 U.S. Dist. LEXIS 92031, at *12 (finding that the plaintiffs sufficiently pled causation "by alleging that 'as a result of [the] false misrepresentations,' Plaintiffs' customers and business associates have refused to deal with Plaintiffs, and that Plaintiffs have lost prospective business opportunities" (citations omitted)).

In turn, with respect to last element, damages, the proposed pleading "must allege that the injury caused damage." *Printing Mart-Morristown*, 116 N.J. at 752 (citing *Norwood Easthill Assocs. v. Norwood Easthill Watch*, 222 N.J. Super. 378, 384 (N.J. Super. Ct. App. Div. 1988)). "Tortious interference cannot proceed on a theory of presumed damages." *Exclusive Auto Collision Ctr. v. Allstate Ins. Co.*, No. BER-L-1784-20, 2022 N.J. Super. Unpub. LEXIS 48, at *16 (N.J. Super. Ct. Bergen Cnty. Jan. 12, 2022); *see also Ny Mach., Inc.*, 2018 U.S. Dist. LEXIS 92031, at *12 (finding that the plaintiffs sufficiently pled damages "by alleging that [their] existing and prospective customers have cancelled orders of [] products and [they] have lost opportunities to enter into prospective agreements and business relationships" (citations omitted)).  "The failure to satisfy the requirement for allegation of facts demonstrating that a [claimant] has suffered or will suffer damage can be fatal to a claim." *Printing Mart-Morristown*, 116 N.J. at 760 (holding that a complaint alleges actual damages because it sets forth that the plaintiff lost gains from a potential contract as a result of the interference).

Here, as to both causation and damages, FDU generally alleges that it, along with its agents and employees, has been damaged as a result of Plaintiff's alleged publications "and interference with the contractual and business relationship of FDU and its agents and employees."  (ECF No. 86-2 at 28, ¶ 52).  FDU continues that the publications "remain publicly available and the damages resulting therefrom are ongoing and continuing."  (*Id.*).  Similarly, in its moving brief, FDU vaguely asserts that "[t]he impact of Plaintiff's misleading, false, and harassing attacks on FDU, its agents and employees, and the businesses and individuals with whom they have relationships, is unquestionably damaging," and that "the full scope of the damages cannot yet be measured."  (ECF No. 86 at 25).

The Court finds that these vague conclusory allegations are insufficient to state a claim for tortious interference.  Importantly, FDU has failed to plead any facts that Plaintiff's alleged

interference precluded FDU from receiving anticipated economic benefits.  FDU has not alleged that Plaintiff's conduct has resulted (or will result) in FDU losing funding or students.  FDU cannot proceed on a theory of presumed damages.  To bolster these pleading deficiencies, FDU focuses on Plaintiff's intentions, alleging that Plaintiff acted "in an effort to prevent students from attending and to prevent businesses and individuals from doing business with FDU, its agents or employees, or donating to FDU."  (ECF No. 86-2 at 28, ¶ 51).  However, such allegations of intent alone are not sufficient to state a claim for tortious interference.

As FDU has failed to sufficiently plead causation and damages, the proposed supplement to add a tortious interference counterclaim claim is futile.  Accordingly, FDU's motion to supplement its answer to assert a tortious interference counterclaim is **DENIED**.

### B.    Motion to Seal

The common law right of public access to judicial proceedings and records is well settled. *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001) (citing *Littlejohn v. BIC Corporation*, 851 F.2d 673, 677-78 (3d Cir. 1988)); *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157, 161 (3d Cir. 1993).  The presumption of public access has been applied "to a wide variety of civil records and documents," including "pleadings, orders, notices, exhibits and transcripts filed." *Leucadia, Inc.*, 998 F.2d at 162 (citations and internal quotation marks omitted).  A narrow exception has been carved out for discovery materials as well as "discovery motions and their supporting documents." *Id.* at 165.

"[W]hen a moving party seeks an order sealing court records, it must demonstrate that 'good cause' exists to overcome the presumption in favor of public access." *China Falcon Flying Ltd. v. Dassault Falcon Jet Corp.*, Civ. No. 15-6210, 2017 U.S. Dist. LEXIS 138651, at *4 (D.N.J. Aug. 29, 2017) (citing *Securimetrics, Inc. v. Iridian Techs., Inc.*, Civ. No. 03-4394, 2006 U.S. Dist. LEXIS 22297 (D.N.J. Mar. 30, 2006)).  The "good cause" standard requires a "particularized

showing that disclosure will cause a 'clearly defined and serious injury to the party seeking closure.'" *Securimetrics, Inc.*, U.S. Dist. LEXIS 22297, at *7 (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)). "This standard was incorporated into this District's Local Civil Rule 5.3, which sets forth the requirements for a motion to seal." *City of Sterling Heights Gen. Employees' Ret. Sys. v. Prudential Fin., Inc.*, Civ. No. 12-5275, 2016 U.S. Dist. LEXIS 5856, at *4 (D.N.J. Jan. 15, 2016).

Local Civil Rule 5.3(c) requires, in relevant part, that the reviewing Court consider certain factors "as well as other findings required by law." L. Civ. R. 5.3(c)(6). These factors consist of the following: (a) "the nature of the materials or proceedings at issue"; (b) "the legitimate private or public interest which warrants the relief sought"; (c) "the clearly defined and serious injury that would result if the relief sought is not granted"; and (d) "why a less restrictive alternative to the relief sought is not available." L. Civ. R. 5.3(c)(3).

As noted previously herein, FDU has identified the nature of the Subject Materials in its Rule 5.3(c) index. With respect to the legitimate interest warranting sealing and the clearly defined and serious injury that could result,[6] FDU asserts that the Subject Materials contain both Student Information and Defamatory Statements. After careful review of the Subject Materials, the Court finds that the vast majority of those materials comprise of the alleged Defamatory Statements. The only material that, at best, could qualify as Student Information is found in paragraphs 16 and 17 of the proposed counterclaims, (ECF No. 86-2 at 21, ¶¶ 16-17 & ECF No. 86-3 at 23-24, ¶¶ 16-17 [reflecting the amount that Plaintiff paid FDU for the negotiated tuition bill for the Fall 2011 semester]), and Exhibits 1 through 6 to the proposed supplemental pleading, (*see* ECF No. 86-2 [including correspondence between Plaintiff and FDU employees concerning Plaintiff's

---

[6] Courts routinely consider the second and third Local Civil Rule 5.3(c)(3) factors together. *See, e.g., In re Lamictal Direct Purchaser Antitrust Litig.*, Civ. No. 12-995, 2021 U.S. Dist. LEXIS 89155, at * 5 (D.N.J. Apr. 29, 2021); *China Falcon Flying Ltd.*, 2017 U.S. Dist. LEXIS 138651, at *6.

coursework and the dispute over the tuition charge and a failing grade]).

Notably, with respect to these exhibits, FDU seeks to seal Exhibits 1, 4, and 5 only, (*see* ECF No. 97-2 at Exh. 1), and has already filed unredacted versions of Exhibits 2, 3, and 6 on the public docket, (ECF No. 96), all of which contain Plaintiff's personal identifying information, including his name, physical address, email address, and phone number. Additionally, the information that FDU seeks to seal in paragraphs 16 and 17 of the proposed counterclaims has already been made public by both parties. (*See* Am. Compl., ECF No. 25, ¶16a [stating that "plaintiff sent a wire transfer in the amount of $5294 to FDU's bank"]; *see also* Answer to Am. Compl., ECF No. 29, ¶ 16a [stating that "FDU admits that on or about August 11, 2016, it received a wire transfer of $5,294.04 on behalf of Plaintiff"].

Notwithstanding the foregoing, in light of the applicability of FERPA, OPRA, and NJPRA, which protect the privacy of student records,[7] the Court finds that sealing the Student Information is warranted out of an abundance of caution, and thus FDU's Motion to Seal the following materials, which contain Student Information, is **GRANTED**:

- ECF No. 86-2, page 21, paragraph 16, line 5, after "accept" until "to" on line 6;

- ECF No. 86-2, page 21, paragraph 17, line 1, after "of" until the end of the line;

- ECF No. 86-2, Exhibits 1, 4, and 5 (in their entirety);

- ECF No. 86-3, page 23, paragraph 16, line 5, after "accept" until "to" on line 6;

- ECF No. 86-3, page 24, paragraph 17, line 1, after "of" until the end of the line.

---

[7] "Both New Jersey and federal law obligate schools to protect the privacy of their students' records," and under FERPA, "federal law prohibits the disclosure of an 'educational record' that contains information 'directly related to a student,' including her name, address, or 'other information that, alone or in combination, is linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty' to an unauthorized individual." *M.A. v. Jersey City Bd. of Educ.*, Civ. No. 14-6667, 2016 U.S. Dist. LEXIS 179700, at *28-29 (D.N.J. Dec. 29, 2016) (McNulty, J.) (citing 20 U.S.C. § 1232g; 34 C.F.R. 99.3; N.J.S.A. § 18A:36-19; N.J.A.C §§ 6A:32-2.1, 7.5(e)(14),(15)).

The Court reaches a different result concerning the allegedly Defamatory Statements. There is a presumptive right of access to pleadings, as well as non-discovery motions and supporting documents. Equally important, a review of FDU's proposed redactions demonstrate that the Defamatory Statements are not confidential in nature, and the parties have not previously treated them as such.[8] First, on their face, these statements, while potentially embarrassing, do not reveal sensitive personal information about individuals. Indeed, as part of its proposed defamation counterclaim, FDU contends the statements are false. Second, FDU claims that Plaintiff posted and published such Defamatory Statements online. As such, these Defamatory Statements have already been made public. Finally, the parties have not treated the Defamatory Statements as confidential in prior court filings. In his original and Amended Complaint, Plaintiff refers to many of the same Defamatory Statements accusing FDU of discriminatory and unlawful behavior in support of his legal claims. (*See generally* Compl. & Am. Compl.). Likewise, FDU has referenced some of these Defamatory Statements in its publicly filed court submissions. (*See, e.g.,* ECF No. 80).

In any event, the Court finds that FDU has not identified any legitimate private interest supporting the sealing of the statements, and the Court does not find any such interest exists. Further, the potentially embarrassing nature of the Defamatory Statements does not alone rise to the level of a clearly defined injury, which warrants sealing. FDU is essentially asking this Court to litigate its proposed counterclaims in secrecy to avoid any potential embarrassment to those who were the subject of Plaintiff's allegedly Defamatory Statements. Such relief directly contradicts the presumptive right of public access to pleadings and judicial proceedings. *See Leucadia, Inc.*, 998 F.2d at 162 n.8 (citing *Wilson v. American Motors Corp.*, 759 F.2d 1568, 1569, 1571 (11th Cir. 1985)). *See also Holmes v. Grambling*, No. 1:13-CV-04270-HLM, 2014 U.S. Dist. LEXIS 189224,

---

[8] The Court notes that the mere fact that a document, or a portion of a document, has been designed as "Confidential," under a discovery confidentiality order, does not relieve FDU from meeting its burden of justifying that the information deserves to be sealed. *See Miller v. Rodriguez*, 2018 U.S. Dist. LEXIS 206045, at *9 (D.N.J. Dec. 6, 2018).

at * 4 (N.D. Ga. Oct. 17, 2014) (stating that "[t]he logical conclusion of Plaintiff's argument is that whenever someone sues for defamation because of potentially embarrassing comments, the plaintiff should be allowed to sue anonymously and with the case under seal").

Accordingly, the Court finds that sealing the alleged Defamatory Statements is not warranted, and thus FDU's Motion to Seal the following materials is **DENIED**:

- ECF No. 86;

- ECF No. 86-2, except for (i) page 21, paragraph 16, line 5, after "accept" until "to" on line 6, and (ii) page 21, paragraph 17, line 1, after "of" until the end of the line;

- ECF No. 86-2, Exhibits 7 through 13 (in their entirety);

- ECF No. 86-3, except for (i) page 23, paragraph 16, line 5, after "accept" until "to" on line 6, and (ii) page 24, paragraph 17, line 1, after "of" until the end of the line.

## V.   **DECISION**

For the foregoing reasons, FDU's motion to supplement, (ECF No. 85), and motion to seal, (ECF No. 97), are **GRANTED IN PART** and **DENIED IN PART**.  An appropriate form of order will be entered.

*s/ Jessica S. Allen*
**HON. JESSICA S. ALLEN**
**United States Magistrate Judge**

Dated: July 1, 2022

cc:  Hon. John Michael Vazquez, U.S.D.J.